# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FLOYD GUTIERREZ,

    Plaintiff,

vs.                                                                                         No. CIV 19-1172 JB/GJF

CURRY COUNTY ADULT DETENTION
CENTER; CURRY COUNTY SHERIFF'S
DEPARTMENT and LANCE PILE

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Floyd Gutierrez's failure to prosecute his Amended Prisoner Civil Rights Complaint, filed January 21, 2020 (Doc. 6)("Amended Complaint"). The Amended Complaint challenges Gutierrez's conditions of confinement at the Curry County Detention Center ("Curry Detention"). See Amended Complaint ¶ 1, at 1-2. Gutierrez recently severed contact with the Court and failed to provide a forwarding address. Having reviewed applicable law and the record, the Court will dismiss the Amended Complaint without prejudice.

## BACKGROUND

On December 12, 2019, Gutierrez initiated this case by filing a letter describing civil rights violations. See Untitled Letter Describing Civil Rights Violations, filed December 12, 2019 (Doc. 1)("Letter-Complaint"). At the time, he was incarcerated at Curry Detention in Clovis, New Mexico. See Letter-Complaint at 1. The Court referred the matter to the Honorable Gregory Fouratt, United States Magistrate Judge for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to

Prisoner Cases entered December 13, 2019 (Doc. 2).  On December 13, 2019, Magistrate Judge Fouratt directed Gutierrez to file his claims on the proper form complaint and either prepay the $400.00 filing fee or, alternatively, file a motion to proceed in forma pauperis.  See Order to Cure Deficiency, filed December 13, 2019 (Doc. 3).  Gutierrez complied, filing the Amended Complaint and an in forma pauperis motion.  See Amended Complaint at 1; Application to Proceed in District Court Without Prepayment of Fees or Costs, filed January 16, 2020 (Doc. 5)("IFP Motion").  Magistrate Judge Fouratt granted the IFP Motion and waived the initial partial payment, based on Gutierrez's financial status.  See Order Regarding Filing Fee, filed March 24, 2020 (Doc. 7).

On September 11, 2020, Magistrate Judge Fouratt entered an Order to Show Cause after determining that Gutierrez likely had severed contact with the Court.  See Order to Show Cause filed September 11, 2020 (Doc. 10)("OSC").  The OSC notes that Gutierrez filed this action while detained at the Curry Detention, and the Curry Detention inmate locator website reflects that he is no longer in custody.  See OSC at 1 (citing Curry County Detention Centers Inmate Inquiry, http://lookup.curryjail.com/ (last visited November 30, 2020)).  The OSC further notes that Gutierrez has not provided a current address, as D.N.M. LR-Civ. 83.6 requires.  See OSC at 1.  That rule provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."  D.N.M. LR-Civ. 83.6.  Magistrate Judge Fouratt therefore ordered Gutierrez to notify the Clerk of his new address within thirty days of entry of the OSC.  See OSC at 1.  The OSC warns that the "failure to timely comply will result in dismissal of this action without further notice."  OSC at 1.

The deadline to provide an updated address was October 11, 2020.  See OSC at 1.

Gutierrez has not complied or otherwise responded to the OSC. The OSC was returned as undeliverable with the notation: "Wrong Address; Addressee Not Here; Released." Returned Envelope, filed September 24, 2020 (Doc. 11). Thereafter, the Clerk's Office re-mailed the OSC to two potential back-up addresses, which Gutierrez provided in the event of his release from custody. See Letter-Complaint at 2. In both cases, the OSC was returned as undeliverable. See Returned Envelope, filed October 3, 2020 (Doc. 12); Returned Envelope, filed October 16, 2020 (Doc. 13).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district

court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice. . . is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162.

Here, Gutierrez is no longer in custody at his address of record, and he has not provided an updated address.  In light of this omission, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious.

**IT IS ORDERED** that: (i) Plaintiff Floyd Gutierrez's Amended Prisoner Civil Rights Complaint, filed January 21, 2020 (Doc. 6), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Floyd Gutierrez
Clovis, New Mexico

    *Pro se plaintiff*

Curry County Adult Detention Center
Curry County Sheriff's Department
Lance Pile

    *Defendants*